RYDER TRUCK RENTAL, INC.

V.

COUNTY OF CHESTERFIELD

Record No. 931901

November 4, 1994

Present: All the Justices

*Charles W. Hundley (Richard P. Schweitzer; White, Blackburn & Conte; Zuckert, Scoutt & Rasenberger*, on briefs), for appellant.

*Michael S. J. Chernau, Assistant County Attorney (Steven L. Micas, County Attorney*, on brief), for appellee.

JUSTICE LACY delivered the opinion of the Court.

In this appeal, we consider whether a taxpayer, Ryder Truck Rental, Inc. (Ryder), presented sufficient evidence to prove that personal property taxes assessed on its rental vehicles based in Chesterfield County, Virginia, were invalid and required apportionment pursuant to Code § 58.1-3511(B).

Ryder is a national corporation engaged in renting and leasing a variety of trucks throughout the country. Ryder classifies its vehicles in three general categories: "lease," "rental," and "one-way." Lease vehicles are leased to businesses for long-term commercial use and generally carry the logo and colors of the lessee. Rental vehicles are leased for commercial use on a short-term basis, typically less than 30 days. One-way vehicles are primarily

leased by individuals for short-term, personal travel and may be returned to any Ryder agent throughout the country. Lease and rental vehicles based in Chesterfield County (the County) are registered in the County although they are not garaged, used, or maintained at the location Ryder uses for registration purposes. One-way vehicles are registered at Ryder's corporate headquarters in Miami, Florida.

For property tax purposes, Ryder reports only those lease, rental, and one-way vehicles which are registered or physically located in the County on January 1 of each year, the Virginia tax assessment date. Vehicles based in other states are reported to those states in a similar manner. In 1988, 1989, 1990, and 1991, Ryder filed personal property tax returns with the County in accordance with this reporting system. Each year, the County assessed property taxes based on the full value of the reported vehicles.

Thereafter, Ryder filed an application with the trial court, pursuant to Code §§ 58.1-3980, et seq., alleging that the County's assessments were erroneous because the taxes were not sufficiently apportioned. Specifically, Ryder sought an assessment on a percentage of each truck's value calculated using a ratio of the number of miles the truck traveled within Virginia to the total number of miles it traveled during the year. After a bench trial, the court granted the County's motion to strike Ryder's evidence. The trial court found that, by failing to establish a sufficient nexus between its vehicles and any other taxing jurisdiction, Ryder had not met its burden of proof to show that the County's assessments were invalid. Ryder appealed.

 A prerequisite of a jurisdiction's authority to tax, and, correspondingly, a taxpayer's right to apportionment, is the existence of a substantial nexus between the taxable instrumentality and the taxing jurisdiction. *Quill Corp. v. North Dakota*, ____ U.S. ____, ____ 112 S.Ct. 1904, 1912 (1992); *Complete Auto Transit, Inc. v. Brady*, 430 U.S. 274, 279 (1977). Under both the Commerce Clause of the United States Constitution, Art. I, § 8, and Code § 58.1-3511,[1] apportionment is required only when

---

[1] Code § 58.1-3511(B) reads:

The assessment of motor vehicles . . . operating over interstate routes, in the rendition of a common, contract or other private carrier service which are subject to property taxation in any other state on the basis of an apportioned assessment, shall be apportioned in the same percentage as the total number of miles traveled in the

property is subject to taxation, that is, has a tax situs, in another jurisdiction. Without a tax situs in another jurisdiction, a domiciliary state retains the authority to tax the full value of the property. *Central R.R. Co. v. Pennsylvania*, 370 U.S. 607, 612 (1962); *Winchester & Western R.R. v. State Corp. Comm.*, 236 Va. 473, 477, 374 S.E.2d 66, 69 (1988), *cert. denied*, 490 U.S. 1099 (1989).

The substantial nexus, or tax situs, requirement is designed to guard against the risk of double or multiple taxation in violation of the Due Process and Commerce clauses while insuring that property used in interstate commerce does not escape taxation.[2] *Short Bros., Inc. v. Arlington County*, 244 Va. 520, 525, 423 S.E.2d 172, 175 (1992); *Winchester & Western*, 236 Va. at 477, 374 S.E.2d at 68-69. In challenging the County's assessment, Ryder has the burden of showing that the assessment subjected it to the risk of double taxation. Code § 58.1-3984; *Short Bros.*, 244 Va. at 525, 423 S.E.2d at 175.

Ryder contends that it has established a substantial nexus with other jurisdictions through the production of extensive interstate mileage documentation. Trip records indicating the most distant location reached by a vehicle, the states through which it has driven, the number of miles traveled in each state, and the date and route number of entry into each state are kept for lease and rental vehicles. Because the lessees of these vehicles maintain exclusive control over their use, however, these records do not show the particular route taken within a state, the purpose of the trip, or whether any stops, pick-ups, or deliveries were made. Similarly, rental contracts used with one-way vehicles indicate the origination points, destination locations, and odometer readings at the start and completion of each truck's trip. Ryder also generates computer estimates of the total number of miles a one-way truck

Commonwealth by such vehicle bears to the total number of miles traveled by such vehicle.

[2] The substantial nexus requirement is extracted from a four-prong test established by the Supreme Court in *Complete Auto*, 430 U.S. at 279, and adopted by this Court in *Short Bros., Inc. v. Arlington County*, 244 Va. 520, 524, 423 S.E.2d 172, 175 (1992). In *Complete Auto*, the Court held that state taxation of interstate commerce satisfies the requirements of the Commerce Clause if: (1) the tax is applied to an activity that has a substantial nexus with the taxing jurisdiction; (2) the tax is fairly apportioned; (3) the tax does not discriminate against interstate commerce; and (4) the tax is fairly related to services provided by the taxing jurisdiction. *Complete Auto*, 430 U.S. at 279.

has traveled in each state based on the most direct route to the vehicle's destination.

■ From its documentation, Ryder is able to calculate specific mileage information for each of its trucks.[3] Based on this information alone, Ryder argues that Code § 58.1-3511 and the Commerce Clause require the County to apportion its taxes to reflect only the percentage of miles each truck actually traveled in Virginia. However, Ryder has not demonstrated that it has actually paid taxes[4] or would even be subject to taxes in another jurisdiction on this basis. It is not enough for a taxpayer to merely identify another jurisdiction in which the taxable instrumentality is used. *Short Bros.*, 244 Va. at 525, 423 S.E.2d at 175.

■ A tax situs in another jurisdiction can be established by a showing that the taxpayer's property traveled on fixed and regular routes or was habitually, though irregularly, employed in a particular state. *Central R.R.*, 370 U.S. at 614-15; *Winchester & Western*, 236 Va. at 479, 374 S.E.2d at 69. Ryder has not shown that its trucks travel on regular, scheduled routes or that they are habitually employed in another jurisdiction. The evidence presented shows only that Ryder's vehicles are frequently, but erratically, operated throughout the United States. In addition, Ryder has not presented any evidence of significant business transactions, cargo loading or unloading, vehicle storage, leasing of its trucks, or other significant activities outside Virginia. Ryder has only proven that its trucks accumulate mileage in other jurisdictions. Mere absence from one taxing jurisdiction is not sufficient to establish a tax situs in another. *Winchester & Western*, 236 Va. at 479, 481, 374 S.E.2d at 70.

---

[3] In 1988, according to evidence presented by Ryder, Ryder's lease and rental vehicles based in the County accumulated 44.91 percent of their total miles within the Commonwealth of Virginia. The percentage of Virginia miles for these vehicles was 57.88 percent in 1989, 39.14 percent in 1990, and 53.71 percent in 1991. One-way vehicles located in the County operated 15.95 percent of their total miles in Virginia in 1988, 13.94 percent in 1989, 14.48 percent in 1990, and 10.62 percent in 1991. Similar figures for these vehicles can be established for other states based on Ryder's mileage records.

[4] We agree with Ryder that the actual payment of taxes is not a prerequisite to a finding of tax situs in another jurisdiction. *Central R.R.*, 370 U.S. at 614. Nevertheless, the failure of any other jurisdiction to assess taxes against Ryder is probative in this case. Ryder has asserted that Kentucky has levied taxes on some of its trucks based in the County; however, it has not provided any evidence of this assessment and it was unable to identify which trucks were taxed.

■ In short, none of the evidence produced by Ryder would support a finding that its trucks are at risk of multiple taxation. In contrast, Ryder's trucks would escape full taxation if the County adopted Ryder's theory and allowed further apportionment based on the Virginia mileage of Ryder's vehicles. Under Ryder's tax reporting system, the Ryder trucks based in the County are not reported for personal property tax purposes in any other jurisdiction. Therefore, so far as the present record indicates, the only jurisdiction taxing the value of these trucks is Chesterfield County. To allow Ryder the benefit of mileage apportionment on only those trucks located in the County would result in apportioning its tax liability twice.[5]

Based on the record before us, we find that Ryder did not meet its burden of proof to establish a tax situs in another jurisdiction. Accordingly, we will affirm the judgment of the trial court.

*Affirmed.*

---

[5] Ryder urges this Court to follow the approach recently taken by the Supreme Court of Missouri in *Beelman Truck Co. v. Ste. Genevieve County Bd. of Equalization,* 861 S.W.2d 557, 560 (Mo. 1993) in which mileage-based apportionment was held proper. In *Beelman,* however, apportioned taxes were assessed on the company's entire fleet of vehicles, not just a locally based fragment of the fleet. In contrast, Ryder asks that the County apportion its taxes based on the Virginia mileage accrued *only* by its trucks in Chesterfield County.