## CIRCUIT COURT OF FAIRFAX COUNTY

TISOFT, Inc.

v.

Fairfax County
and Kevin Greenlief

May 1, 1995

Case No. (Law) 137565

BY JUDGE ROSEMARIE ANNUNZIATA

The matter before the Court arises from an Application to Correct Erroneous Assessments of Local Taxes filed by petitioner TISOFT, Inc., a Virginia corporation with its headquarters in Fairfax County. In its Application, TISOFT contends that Fairfax County erroneously assessed license taxes against TISOFT as a business service provider for the tax years 1990, 1991, 1992, and 1993. TISOFT seeks a refund of the amounts allegedly overpaid, plus interest, and to recover litigation costs expended. In response, defendant Fairfax County has filed demurrers and a plea in bar.

TISOFT alleges the following facts, which are taken as true for the purposes of the demurrer. During the years at issue in this case, the bulk of TISOFT's business derived from two contracts with the federal government under which TISOFT sold advanced, integrated office automation systems to the Department of Justice (DOJ). In addition, TISOFT contracted with the Washington, D.C., law firm, Steptoe & Johnson, to sell and install computer hardware, software, and peripheral equipment and to provide computer maintenance and training services.

Under TISOFT's principal contract with DOJ, known as the Eagle Contract, TISOFT provided office systems to various DOJ divisions in all fifty states, the Virgin Islands, and Puerto Rico. Under the second government contract, the AMICUS Contract, TISOFT sold an integrated office automation system to DOJ, which TISOFT and its subcontractors installed in

DOJ offices in Washington, D.C., New York, California, Colorado, and Oregon. Following installation of the equipment, TISOFT also provided maintenance and training services under both contracts.

TISOFT classified itself for Fairfax County License Tax purposes as a "wholesale merchant" under Fairfax County Code § 4-7-36 with respect to the sales of the office systems under both contracts because the sales were to an institutional consumer. TISOFT further classified itself as a business service provider with respect to the maintenance and training services provided.

Under the third contract, that with Steptoe & Johnson, TISOFT agreed to provide the firm with firm-wide office automation systems for their offices in Arizona and Washington, D.C. TISOFT sold and installed approximately 500 workstations at the two offices, in addition to a minicomputer. For License Tax purposes for the years at issue, TISOFT classified itself as a retail merchant with respect to that portion of its gross receipts attributable to the sale of computer hardware, software, and peripheral equipment to Steptoe & Johnson.

In 1993 Fairfax County audited TISOFT. Following the audit, the County determined that for the tax years in question, TISOFT was not a wholesale merchant or a retail merchant, but rather was solely a business service provider. The County also determined that the License Tax applies to all of TISOFT's receipts from sales and services rendered outside of Virginia, which revenues TISOFT contends are also subject to appropriate taxation in the jurisdictions where the sales and services took place. As a result of the audit, the County assessed an additional $339,302.17 against TISOFT, which TISOFT paid under protest on January 31, 1994. TISOFT contends that the County misclassified TISOFT as solely a business service provider and that the County's taxation of TISOFT's out-of-state revenues violates the apportionment requirement of the Commerce Clause of the United States Constitution and 42 U.S.C. § 1983.

In its demurrers, defendant Fairfax County states as grounds that petitioner failed to set forth any facts which support its claim that it is a "wholesale merchant" under Fairfax County Code § 4-7-24 with respect to its sales to the Department of Justice and that it is a "retail merchant" with respect to its sales to Steptoe & Johnson. With respect to the Commerce Clause claim, the County contends that the County has a duty to apportion only when a risk of multiple taxation exists. The County asserts that in order to show a risk of multiple taxation, TISOFT must allege sufficient facts that there exists a "substantial nexus" between it and the

other taxing jurisdictions. Finally, the County maintains that as TISOFT has failed to state a claim under the Commerce Clause, its cause of action under 42 U.S.C. § 1983 must also fail. The County also filed a plea in bar against petitioner's request for interest and costs, contending that no authority exists to make such an award. I find that the demurrers must be overruled and the plea in bar sustained for the following reasons.

It is well established that a "demurrer admits the truth of all material facts properly pleaded" and that "the facts admitted are those expressly alleged, those which fairly can be viewed as impliedly alleged, and those which may be fairly and justly inferred from the facts alleged." *Cater-Corp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24 (1993). In its application for relief, it is not necessary for TISOFT to include every element of proof required to prevail on the merits. *Id.* at 24 (citing *Hunter v. Burroughs*, 123 Va. 118 (1918)). In the pleading stage, it is only necessary to allege sufficient facts to inform a defendant of the nature and character of the claim. TISOFT has complied with this pleading requirement in respect to the transactions involving both the Department of Justice and Steptoe & Johnson.

With respect to the former, I note that while it is true that sales to the governmental entity in question may constitute sales at retail, the allegations in this case and the reasonable inferences that may be drawn from them regarding the quantities sold, the purposes of the sale, and the nature of the purchaser sufficiently set forth a sale at wholesale. *See Roland Electric Co. v. Walling*, 326 U.S. 657, 673-78 (1946) ("[I]n wholesale sales, the purchaser buys to make a profit, either by reselling the goods or by using them in his business as supplies or equipment"); *Dickerson G.M.C., Inc. v. Commonwealth*, 206 Va. 339 (1965) (To sell by wholesale is to sell in large quantities, and to certain types of purchasers for resale, or to satisfy certain business purposes).

The County argument that TISOFT's failure to plead sales at a wholesale price is fatal to its position on demurrer is not well taken. Since price relates to whether or not a sale is made to a "purchaser actuated solely by a profit or business motive in making the purchase," *Roland Electric Co.*, 326 U.S. at 674, it is a factor to be considered and weighed by the trier of fact in determining the nature of the sale at issue. However, price is not solely determinative of whether a sale is at wholesale or at retail. *See, Roland Electric Co. See also Luck Stone Corp. v. Loudoun County*, 28 Va. Cir. 37, 40 (1992) (citing *Wirtz v. Floridice Co.*, 381 F.2d 613, 615 (6th Cir. 1967)). Therefore, its absence from this pleading does not cloud the

true nature of the claim being made and the pleading is thus not deficient. *CaterCorp.*, 246 Va. at 24 ("[E]ven though a [pleading] may be imperfect, when it is drafted so that the defendant cannot mistake the true nature of the claim, the trial court should overrule the demurrer").

Similarly, I find the pleadings set forth a claim that TISOFT's sales to Steptoe & Johnson were at retail in that it may be reasonably inferred from the nature of the purchaser, the volume of the sales, and the implied purpose of the transaction that the purchases were made to satisfy the buyer's personal wants and needs.

The County's demurrer based on its contention that TISOFT's allegations are insufficient to raise a claim that the County has violated the apportionment requirement of the Commerce Clause of the United States Constitution as set forth in *Complete Auto Transit, Inc. v. Brady*, 430 U.S. 274 (1977), is also overruled as the matters raised by the County in its argument implicate issues of proof for trial and not allegations necessary to the pleading.

The question raised by this demurrer has been narrowed by the parties to whether the second prong of the *Complete Auto* test has been met, to wit, whether the tax imposed by the County is fairly apportioned. In relation to this issue, the County contends that the Commerce Clause requires that the taxpayer set forth facts showing a "substantial nexus" with the other likely taxing jurisdictions to support its claim that the fair apportionment prong of the test has been violated. The County contends that TISOFT's pleading must fail in light of this principle, as it has merely pleaded that it "was involved in activities outside Virginia."

TISOFT contends that "substantial nexus" with other likely taxing jurisdictions is not a factor to be considered by the Court in deciding the fair apportionment question.

In my judgment, TISOFT's position is not supported by the case law. For it to prevail on this ground, it must allege and prove the existence of another potential taxing situs. *Quill Corp. v. North Dakota*, 112 S. Ct. 1904 (1992); *Ryder Truck Rental v. Chesterfield County*, 248 Va. 575, 577-578 (1994) (citing *Quill Corp.* and *Complete Auto*). *See also Short Brothers v. Arlington County*, 244 Va. 520 at 525 (1992). That is, TISOFT must establish that there exists a "substantial nexus" with other jurisdictions outside Fairfax, subjecting it to actual or likely improper multiple taxation. *Ryder Truck Rental*, 248 Va. at 578.

However, the mere statement of the text does not end the analysis, for what constitutes "substantial nexus" appears to depend on the specific

facts of each case. *See Oklahoma Tax Commissioner v. Jefferson's Lines, Inc.,* No. 93-1677, 1995 WL 138839 (U.S. Supreme Court Apr. 3, 1995); *Quill Corporation,* 112 S. Ct. 1904; *D. H. Holmes Co. v. McNamara,* 486 U.S. 24 (1988); *National Geographic v. Cal. Equalization Board,* 430 U.S. 551 (1977). *See also Short Brothers,* 244 Va. 520; *Ryder Truck Rental,* 248 Va. 575.

For example, although the U. S. Supreme Court established a "bright line" test for determining the existence of "substantial nexus" in *National Bellas Hess, Inc. v. Department of Revenue of Illinois,* 386 U.S. 753 (1967),[1] in subsequent cases, the Court appears to favor and apply a "more flexible balancing analysis" and contextual approach to the question. *See, e.g., Quill Corp.,* 112 S. Ct. 1904. Similarly, in *Ryder Truck Rental,* the Virginia Supreme Court stated a "bright line" test, noting that the "[m]ere absence from one taxing jurisdiction is not sufficient to establish a tax situs in another." 248 Va. at 579. But, in reaching its determination that the evidence of significant business transactions was insufficient to warrant taxation, the Virginia Supreme Court considered such evidentiary factors as the nature and duration of the transaction, the regularity of the contact, the location and purpose of the contact, and whether any tax was actually levied (the latter factor being probative but not determinative).

Both the federal and state case law thus make clear that slight contact with a state is an insufficient nexus to subject a business to the taxation jurisdiction of that state. However, there is no authority which supports the County's proposition that TISOFT's allegations in this case, which include delivery of equipment to other jurisdictions, as well as the provision of out-of-state installation and maintenance services are, as a matter of law, insufficient to support its pleading challenging the validity of the tax it was assessed, based on the Commerce Clause of the U.S. Constitution. The demurrer is therefore overruled. The County's demurrer to the 42 U.S.C. § 1983 claim must also fail, as it is based solely on the County's position that petitioner has failed to state a cause of action under the Commerce Clause.

Finally, the County's plea in bar to TISOFT's claim for interest and costs is granted. Virginia Code §§ 58.1-3987 and 58.1-3991 require the

---

[1] The *Bellas Hess* case involved an out-of-state mail order business whose only contact with the taxing jurisdiction was by mail or common carrier, which the U. S. Supreme Court found insufficient to establish a "substantial nexus" with the taxing jurisdiction.

existence of an ordinance authorizing the payment of interest on erroneously assessed taxes. No such ordinance presently exists in the Fairfax County Code. With regard to costs, Va. Code § 14.1-202 provides that "in no case, civil or criminal, except when specifically provided, shall there be a judgment for costs against the Commonwealth." The remedies set forth in Va. Code § 58.1-3987 do not include costs.