## CIRCUIT COURT OF STAFFORD COUNTY

McLane Co., Inc.

v.

Stafford County

March 11, 1998

Case No (Law) 95000635

By Judge James W. Haley, Jr.

Va. Code § 58.1-3511(B) requires the apportionment of personal property taxes on vehicles engaged in interstate commerce "which are subject to property taxation in any other state ... ."[1] The issue here for resolution is whether or not an interstate carrier has met the burden of proving that their vehicles are so subjected.

The matter comes before the court upon a written stipulation of facts and mutual motions for summary judgment.

The actual imposition of property taxes by a jurisdiction outside of the Commonwealth is not a condition precedent to requiring apportionment, though such imposition is of probative value. *Ryder Truck Rental v. County of Chesterfield*, 248 Va. 575, 579, 449 S.E.2d 813, 816 (1994) (footnote 4); *Central R.R. Co. v. Pennsylvania*, 370 U.S. 607, 614 (1962); Virginia Attorney General Opinion, 1995 WL 58873 (Va. A.G.) (Jan. 9, 1995).[2] Rather, it is only necessary to demonstrate that personal property "has a tax

---

[1] The pertinent portion of Va. Code § 58.1-3511(B) reads more fully: "The assessment of ... vehicles ... operating over interstate routes ... which are subject to property taxation in any other state on the basis of an apportioned assessment, shall be apportioned in the same percentage as the total number of miles traveled in the Commonwealth by such vehicle bears to the total number of miles traveled by such vehicle."

[2] "§ 58.1-3511(B) does not require proof of actual apportioned assessment of taxes or payment of such taxes in another state."

situs in another jurisdiction ... and that [this property is] at risk of multiple taxation." *Ryder, supra,* 248 Va. at 578, 580, 449 S.E.2d at 815, 816.

In *Winchester & Western R.R. v. State Corp. Comm.*, 236 Va. 473, 479, 374 S.E.2d 66, 70 (1988), *cert. den.* 490 U.S. 1099 (1989), the Virginia Supreme Court stated:

> To establish a tax situs in nondomiciliary states, the taxpayer must prove either that certain of its property moved through those states on fixed or regular routes or must prove that certain of its property was habitually employed in other states in substantial numbers over irregular routes.

See *Central R.R. Co., supra,* 370 U.S. at 613.

In *Ryder,* as will be noted below in the instant case, the taxpayer presented specific mileage information showing its vehicles only "accumulated 44.91 percent of their total miles within the Commonwealth." That evidence alone, however, failed to establish a foreign tax situs, because:

> Ryder has not shown that its trucks travel on regular, scheduled routes or that they are habitually employed in another jurisdiction ... [and] Ryder has not presented any evidence of significant business transactions, cargo loading or unloading ... or other significant activities outside Virginia.

*Ryder, supra,* 248 Va. at 579, 449 S.E.2d at 816.

In *Short Brothers, Inc. v. Arlington County,* 244 Va. 520, 423 S.E.2d 172 (1992), the Virginia Supreme Court adopted the four condition test set forth in *Complete Auto Transit, Inc. v. Brady,* 430 U.S. 274 (1977), for determination of the constitutionality under the Commerce Clause of the imposition of state taxation of interstate commercial activity. Those conditions are: (1) the activity must have a substantial nexus or tax situs within the taxing jurisdiction; (2) the tax must not discriminate against interstate commerce; (3) the tax must reasonably relate to state services provided; and (4) the tax must be fairly proportioned.

In addressing this fourth condition, the *Short* court noted:

> The fair apportionment prong of the *Complete Auto* test addresses a principal concern inherent in taxation of interstate activity — the risk of multiple taxation. Determining whether a tax is fairly apportioned,

therefore, presumes that the taxpayer would be subject to tax in some other jurisdiction.

*Short, supra,* 244 Va. at 525, 423 S.E.2d at 175. *See also, City of Winchester v. American Woodmark Corp.,* 252 Va. 98, 471 S.E.2d 495 (1996).

Finally, in determining whether a taxpayer has established a tax situs outside the Commonwealth, the taxpayer must show that its property is subject to taxation "in other *particular* jurisdictions" (emphasis in original) not just that "the property in question was outside of the domiciliary state during the pertinent tax year." *Winchester & Western, supra,* 236 Va. at 475, 479, 374 S.E.2d at 69, 70.

The following is derived from the stipulation of facts filed by the parties.

McLane Company, Inc., operates a 58 acre distribution center and truck depot in Stafford County and is engaged in interstate commerce. Through the use of approximately 89 tractors and 110 trailers, McLane distributes foodstuffs primarily to convenience stores such as 7-Eleven, High's, etc. in thirteen Mid-Atlantic states and the District of Columbia.[3]

In 1994, the pertinent tax year, McLane filed state income tax returns and sales and use tax returns and has registered as a foreign corporation doing business in each of the fourteen jurisdictions. However, McLane neither filed informational returns nor was assessed or paid personal property taxes on any of its vehicles in any of those fourteen jurisdictions.

In 1994, only 34.8% of the total miles travelled by McLane's fleet of vehicles was accumulated within Virginia.

Included as a portion of the stipulation of facts were the "Route Summaries" for 1994 of McLane's vehicles which describe the dates, times, and locations of each store delivery and the weight of the cargo unloaded. In 1994, McLane operated between 165 and 175 separate routes to specific stores and made deliveries to those stores not less than at least one per week. During a sample week in 1994, McLane's tractor-trailer combinations made a total of 2209 deliveries, of which 1388, or 63%, were to locations outside of Virginia. As is obvious, McLane's vehicles had to pass through contiguous states to make deliveries. All of McLane's vehicles are loaded at, and return to, the Virginia depot for re-loading for future deliveries. McLane owns none of the stores to which it makes deliveries.

---

[3] Other than Virginia, these states are New York, New Jersey, West Virginia, North Carolina, Maryland, Pennsylvania, Rhode Island, Ohio, Connecticut, Delaware, New Hampshire, Massachusetts, and the District of Columbia.

In 1994, the County assessed McLane's fleet at 100% of its value, refused to apportion any taxes, and imposed a personal property tax of $166,742.00.

McLane filed suit pursuant to Code § 58.1-3984 for the correction of erroneous assessment of personal property taxes by the County for the year 1994.

From the foregoing, the court concludes McLane has established tax situs in jurisdictions other than Virginia.

McLane has shown not just a significant percentage of mileage accumulated outside Virginia, as had Ryder, but in addition, and unlike Ryder, McLane has demonstrated that its vehicles travel "regular, scheduled routes ... [and] ... are habitually employed . . ." outside Virginia. Further, McLane has presented "evidence of significant business transactions, cargo ... unloading ... outside Virginia." And McLane has, unlike the taxpayer in *Winchester & Western, supra,* demonstrated its business activities in particularized jurisdictions, that is, in thirteen designated states and the District of Columbia.

A finding of potential non-domiciliary tax situs does not necessarily, however, grant McLane the tax apportionment relief it requests. In *Central R.R. Co., supra,* the United States Supreme Court was concerned with the circumstances under which a state might constitutionally impose a personal property tax on carriers in interstate commerce. The court stated:

> Had the record shown that appellant's cars traveled through other states along fixed and regular routes ... it would doubtless follow the state through which the regular traffic flowed *could* impose a property tax measured by some fair apportioning formula ... . [Emphasis supplied.]
>
> Habitual employment within the state of a substantial number of cars ... *may* constitute sufficient contact to establish a tax situs ... . [Emphasis supplied.]

But Code § 58.1-3511(B) does not speak of constitutionally permissible circumstances under which another state *might* impose a property tax, as the condition precedent for apportionment. Rather, apportionment is required where vehicles "*are* subject to property taxation in any other state ... ." (Emphasis supplied.) As the Virginia Supreme Court in *Short, supra,* noted: "Determining whether a tax is fairly apportioned, therefore, presumes that the taxpayer would be subject to tax in some other jurisdiction." As the *Ryder* court noted, a taxpayer must be "at risk of multiple taxation." Succinctly stated, to be entitled to apportionment under Code § 58.1-3511(B), a taxpayer

must show that, in fact, a non-domiciliary state or states has legislation imposing upon carriers in interstate commerce "property taxation ... on the basis of an apportioned assessment ... ." It is not necessary, however, for the carrier to show that it is either assessed or pays such taxes.

Code § 8.01-386 states in part that: "Whenever, in any civil action it becomes necessary to ascertain what the law, statutory or otherwise ... of another state ... is, the court shall take judicial notice thereof, whether specially pleaded or not." Accordingly, it is the responsibility of this court, consistent with the views set forth above, to determine if McLane's vehicles are "subject to taxation" in any or all of the fourteen jurisdictions other than Virginia in which it engages in interstate commerce.

There is apparently no personal property tax on motor vehicles in Delaware (Del. Code Ann., tit. 30, § 102); New Hampshire (N.H. Rev. Stat. Ann. § 261:162); New Jersey (N.J. Stat. Ann. § 54:4-3.21); Maryland (Md. Code Ann. Tax Property §§ 6-101, 7-230); Ohio (Ohio Rev. Code Ann. § 5701.03); Pennsylvania (72 Pa. Cons. Stat. §§ 3242 through 3244); or the District of Columbia (D.C. Code Ann. § 47-1508(3)).

Personal property taxes are apparently levied on motor vehicles in North Carolina (N.C. Gen. Stat. §§ 105-274, and 105-330 through 105-330.9); West Virginia (W. Va. Code §§ 11-5-1 through 11-5-13 and 17A-3-3a through 17A-3-4); and Connecticut (Conn. Gen. Stat. §§ 12-71, 12-71a, 12-71b, 12-71c and 12-71d).

Neither Massachusetts nor Rhode Island impose a tax on motor vehicles *per se* but each are assessed an annual fee through the motor vehicle registration framework. See Mass. Gen. Laws Ch. 59, §§ 2, 5, and Ch. 60 *et seq.*, and R.I. Gen. Laws §§ 44-3-1, 44-3-2.2 and 44-34-1 through 44-34-13.

A search for New York law on the subject was not productive.[4]

In light of the foregoing, the court finds that McLane has established a tax situs in each of the thirteen states and the District of Columbia but is only entitled to apportionment under Code § 58.1-3511(B) in those states where it is actually "subject to property taxation" of its vehicles. Those states, as set for above, are North Carolina, West Virginia, and Connecticut.

As noted above, both parties have moved for summary judgment. Such relief cannot be granted, because, consistent with the court's opinion, McLane is entitled and required to show what proportion of its mileage is incurred in

---

[4] The compilation of these statutes was done by Sharon Shepherd, Esquire, Law Clerk, Court Legal Research Assistance Project, Office of the Executive Secretary of the Virginia Supreme Court. The court expresses its appreciation for her excellent research. Copies of the cited statutes are available in the court file.

North Carolina, West Virginia, and Connecticut, as well as offering evidence, if they can, as to the existence and effect of personal property taxation in other states, in contradiction to the court's research on that subject set forth above. If the parties cannot agree as to that proportion, or to the applicability or non-applicability of the personal property taxation law in the relevant jurisdictions, the parties, of course, have access to the court for an evidentiary hearing or further argument.